## WILLIAM D. HOWZE v. THE STATE.

1. OFFICIAL BOOKS. *Code of* 1880. *Ex post facto statute.*
   A county treasurer whose term of office expired in January, 1880, cannot be convicted under the Code which went into effect in the following November, of the offence of refusing to turn over the books of his office to his successor.

2. SAME. *Delivery to successor. Re-enactment.*
   But under Code 1871, §§ 262, 2890 (continued in Code 1880), the treasurer is required to deliver the official books of the county to his successor, and his failure to do this is indictable as a misdemeanor.

3. SAME. *Neglect to deliver. Refusal when out of office.*
   The offence is complete, if at the expiration of his term he fails to turn over the books; and his subsequent refusal does not relieve him of the penalty, but is admissible against him to throw light on his previous neglect.

4. ACCUSED AS WITNESS.  *Confessions.  Res gestæ.*

    When a declaration of the accused is introduced in evidence by the State, he may testify, under Code 1880, § 1603, if the statement is a confession of a pre-existing crime, but not if it is a part of the *res gestæ.*

APPEAL from the Circuit Court of De Soto County.

Hon. SAM POWEL, Judge.

At the expiration of his term of office as county treasurer, on the first Monday in January, 1880, the appellant retained the book upon which he kept the receipts and expenditures of county funds, and when his successor, on March 20, 1881, demanded the book, he refused to deliver it, and, when indicted, moved to quash upon the grounds that he was not an officer when the offence was committed, or when the Code of 1880, creating the offence, went into effect.  This motion was overruled, and the accused was convicted.  He moved for a new trial, and on the overruling of his motion tendered a bill of exceptions, from which it appears that T. A. Sharp, his successor, testified for the State that in January, 1880, at an interview with the accused, certain books were delivered and others were retained by the accused, who stated that he had the book described in the indictment, and that it was his property; that J. M. Granberry, president of the board of supervisors, testified for the State that, at a meeting of the board in March, 1881, a communication from the treasurer about this book was read, when a member, the appellant, said that he was unwilling to trust the book with a certain person who wanted it, for he believed that a man who would steal an election would steal money; and that the accused then offered in his own behalf to testify as to the conversations with Sharp and Granberry, but the court excluded him.  The appellant then moved in arrest of judgment, upon the ground that he was tried for violating the Code of 1871, whereas he was indicted under the Code of 1880, but the court overruled the motion, and sentenced him to a fine and costs.

*Fitz Gerald & Whitfield*, for the appellant.

The offence created by Code 1880, § 2788, and which may be punished by ten years' imprisonment, could not have been committed by the appellant, who ceased to be an officer before this

Code became law. No similar provision is in the Code of 1871. Section 2890 of this Code relates to persons in office, and requires no demand or refusal to constitute the misdemeanor which it creates. Under this indictment, which is framed in the language of the Code of 1880, the accused could not be convicted of violating the other statute. If, however, the indictment was legal the trial was not, for the accused was not permitted to testify in his own behalf, although his confessions were proved for the State by the prosecutor and another witness.

*T. C. Catchings*, Attorney General, for the State.

Under Code 1871, §§ 262, 2890, the indictment is good; and it cannot be affirmed that it was drawn under the later statute, since the language is substantially like both, and in the exact words of the earlier Code. The argument that Code 1871, § 2890, applies only to persons while in office, is untenable. *Brady* v. *Howe*, 50 Miss. 607. Declarations of the accused, which were not confessions of guilt, but merely verbal acts from which it might be inferred, are not the admissions, which under Code 1880, § 1603, will justify examination of the accused as a witness. The controversy before the board of supervisors was too late to have any bearing upon the case, and the defendant could not be permitted thus to make evidence for himself. Moreover, it was not shown that he proposed either to vary or contradict Granberry's statement, and the statute does not contemplate the useless formality of introducing him to confirm his former declaration. In order to predicate error upon the action of the court, the accused must show that he offered to testify to something.

COOPER, J., delivered the opinion of the court.

The indictment charges that the term of office of the defendant expired on the first Monday of January, 1880, and for this reason he could not be convicted of an offence created by the Code of 1880, which did not go into operation until November first of that year; but the indictment also included an offence, under Code 1871, §§ 262, 2890, which was in operation during the official term of the defendant. These provisions were also incorporated in the Code of 1880, and have therefore been continuously in operation. The first named

section is as follows: "It shall be the duty of the county treasurer to receive and keep the moneys of the county, to disburse the same agreeably to law, and to take receipts for all money he shall so disburse ; he shall keep regular accounts of the receipts and expenditures of the funds of the county, and of all debts due to or from it, and shall direct prosecutions, according to law, for all debts that are or shall be due the county ; he shall faithfully observe and discharge all the duties that may from time to time be required of him ; and at the expiration of his office he shall deliver to his successor all money, securities, property, books, and papers belonging to the county, or appertaining to his said office." Section 2890 makes it a misdemeanor for any " person, being sheriff, clerk of any court, coroner, constable, assessor, or collector of taxes, or holding any county office whatever," to wilfully neglect or refuse to perform any of the duties required of him by law, or to violate his duty in any respect.

It is argued by the appellant's counsel that the latter section applies only to persons " being officers," and that as appellant's neglect or refusal occurred after the expiration of his term, he is not within the terms of the statute.   The duty of the county treasurer to turn over to his successor in office the books, &c., pertaining to his office, is by the first section quoted made one of the official duties of such officer, and the other section declares the penalty for a neglect or refusal to perform the duty.   The offence was completed when at the time of the expiration of his term he neglected to perform this duty, and his continued refusal cannot have the effect of relieving him from the penalty of his neglect of official duty. His subsequent admissions may be looked to for the purpose of throwing light upon his previous failure, neglect, or refusal, as, for instance, to show that the refusal was wilful ; but they cannot be invoked by him for the purpose of showing that it was accidental, or for any other purpose, for that would be to permit him to manufacture testimony for his defence.

The court did not err in refusing to permit the defendant to testify as to the declarations made by him to Sharp, his successor in office, at the time he turned over to him the other books pertaining to the office, because they were not confes-

sions or admissions made by him in relation to a consummated act. They were parts of the thing then being done, — verbal acts of the defendant, which explained or gave color to the other simultaneous occurrences, — and were therefore admissible in evidence as parts of the *res gestœ*, and not as confessions. *Head* v. *State*, 44 Miss. 731. Section 1603 of the Code of 1880 provides, that "when admissions or confessions of the accused are admitted as evidence, he may testify as to them, but he shall not be competent as a witness in the inquiry as to the admissibility of his admissions or confessions." It is evident that the statute contemplates only such confessions and admissions as are receivable in evidence only when made by the accused under such circumstances as to show that they were freely and voluntarily made, for the admissions and confessions as to which he is competent to testify are those as to the admissibility of which he is expressly declared to be an incompetent witness. When, therefore, the declaration of the accused, which is introduced against him, is a part of the *res gestœ*, and not an acknowledgment or confession of a pre-existent crime or act, the accused is not by the statute made a competent witness. The declarations made by the appellant to Sharp on March 20, 1881, and those made in the presence of the board of supervisors in March, which were testified to by the witness Granberry, were admissions or confessions. They were introduced by the State for the purpose of proving that the accused had previously refused and neglected to deliver the books of the treasurer's office to his successor; they were acknowledgments by the accused of one of the facts which was an element of the offence. As to these admissions he was a competent witness, and because he was refused the right of testifying thereto, the judgment is reversed and a new trial awarded.

*Judgment accordingly.*